AUDITORIUM COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4483. Decided October 21, 1926.

Deduction allowed for exhaustion, wear and tear and obsolescence of business property.

*H. H. Tooley, C. P. A.*, for the petitioner.
*George E. Adams, Esq.*, for the respondent.

The deficiency found by the Commissioner for the years 1919, 1920 and 1921, in the total amount of $732.02, results from the disallowance of alleged excessive exhaustion, wear and tear and obsolescence of business property.

#### FINDINGS OF FACT.

The petitioner is a California corporation. It owns and operates a combination theatre and office building, located at the intersection of 5th and Olive Streets in the City of Los Angeles, with a frontage on the one of 165 feet and on the other of 178 feet. It faces a municipal park known as Pershing Square. This building was completed and occupied for rental purposes in 1917. The parties agree that the cost of construction was $354,692.

The building in question is of very massive concrete and steel construction. A part is nine stories high, but the roof begins at the seventh story and is of such construction that the office rooms in the eighth and ninth stories are in the nature of attics. On the 5th Street frontage of 165 feet there are six small stores, each about 16 feet in width and about 60 feet deep. The remainder of this frontage is occupied by the main and stage entrances of the Auditorium Theatre, which occupies the rear two-thirds of the building and

is seven stories in height. Above the stores and theatre entrances on 5th Street there are a number of small halls, on the second and third floors, and the upper floors are subdivided into offices. The small halls and some additional space are rented by a church. The offices are leased for the most part to physicians and some of the leases extend beyond the year 1931.

The entire rear two-thirds of the building is occupied by the Auditorium Theatre with its balconies, stage, dressing rooms, exits and entrances. This was the only theatre and auditorium in this section at the date of its erection, but there are now at least three such buildings of modern construction in the immediate vicinity.

The land upon which the building stands was acquired by the petitioner in the year 1901 at a cost of $170,000. At that time and at the date of the construction of the building, the locality was outside the principal business section of the city and was almost entirely a residence district. Since 1907 it has developed into practically a 100 per cent business area, and many of the best, most modern and high cost office buildings, theatres, hotels and business structures in Los Angeles have been erected on the frontage about Pershing Square, or in the immediate neighborhood. On account of the conversion of this section of the city into a high-class business district, there has been a very great increase in the value of the Auditorium site, which had a fair market value of at least $500,000 at the beginning of the first of the taxable years and was worth substantially more at the end of 1921.

The net income from the property of the petitioner, as computed for income and profits-tax purposes for 1919, was $15,968.62; for 1920, $19,152.11, and for 1921, $24,697.95. In making its income and profits-tax returns for the taxable years involved, the petitioner each year deducted from gross income the amount of 3 per cent of the original cost of the building for exhaustion, wear and tear. Upon audit of such return the Commissioner allowed 2½ per cent of the cost of original construction as an annual deduction on account of depreciation and determined the deficiencies here involved. The petitioner's building was undesirable and unprofitable for office-room purposes during the taxable years and its type of construction makes alteration for improvement and modernization very expensive.

OPINION.

LANSDON: The petitioner contends that it is entitled to an annual deduction from gross income on account of depreciation and economic obsolescence of its property at the rate of 4 per cent on the original cost. From the evidence adduced we conclude that the profitable use and economic life of the petitioner's building can not be more than

25 years from the date of its construction. Measured by the value of the land and the depreciated cost of the building during the taxable years, the annual net income returns a constantly decreasing percentage of profit on the capital value of the property, and we are of the opinion that this petitioner is entitled to deduct annually 4 per cent of the cost of the building from its gross income during each of the taxable years and to any adjustments of invested capital that may result from such deduction for depreciation, including obsolescence. *Appeal of Robert H. McCormick*, 2 B. T. A. 430; *Appeal of Annie L. Dean*, 3 B. T. A. 896.

> *Judgment will be entered on 20 days' notice, under Rule 50.*